CASE 17—PETITION EQUITY—JUNE 29

## Brinegar vs. Allen.

**APPEAL FROM NICHOLAS CIRCUIT COURT.**

A creditor, having a return of *nulla bona*, sought to set aside a conveyance made by his debtor as fraudulent, but failed. The purchaser disclosed by his answer that $181 of the purchase money remained upaid, but the plaintiff took no steps to subject it; another creditor attached the fund, and it was paid to him, and, subsequently, the plaintiff amended and sought to subject it to his debt. *Held—* That he could not do so.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In December, 1862, the appellee, Sanford Allen, as judgment creditor of Wiley Brinegar, filed a petition in equity against him and his son, John Brinegar, and that son's wife, Louisa, alleging an official return of "no property" on an execution which had been issued on his judgment, charging that a conveyance of a tract of land by the debtor to the said Louisa was fraudulent, and praying for a subjection of it to the satisfaction of his debt. The petition alluded to no other property, nor sought a discovery of any other. The answer filed in March, 1863, denied the imputed fraud, and alleged that John Brinegar had paid a full conventional price for the land, excepting only a balance of $181 still unpaid.

The circuit court having dismissed the petition, this court affirmed that judgment—but suggested that, as John Brinegar, in his answer, acknowledged that he owed Wiley Brinegar $181, the circuit "court should, by appropriate orders, subject it to the payment of the appellant's demand, and enforce the lien on the land," and, for that purpose, the mandate authorized "further proceedings."

This opinion was rendered in January, 1864, and at the succeeding March term of the circuit court the appellee, Allen, filed an amended petition against John Brinegar, charging his said indebtedness, and praying for a subjection of the $181 to his demand.

. In his answer, John Brinegar showed, that, on the day of the filing of his answer to the appellee's original petition, which was in March, 1863, one Samuel N. Wilson, a judgment creditor of Wiley Brinegar, had attached the said $181, and, at the September term, 1863, had obtained a judgment for that debt, and had, before this court gave its opinion just alluded to, enforced payment by execution, and his exhibits prove his allegations.   Nevertheless, on this state of case, the circuit court, seeming to suppose that this court had adjudged that money to the appellee, decreed the payment of it again to him.   Of this the appellant complains, and we think justly.

There was no *lis pendens* for the $181, as between the appellee and the appellant, until March, 1864, when the former filed his amended petition.   As it had not before been sought or even alluded to by the appellee, this court, in its opinion in January, 1864, could not have adjudged it to him, and had no such purpose in its allusion to it.   The court only meant that it might be subjected by the appellee, and allowed him to proceed further for that purpose.   Even before that opinion, it had been compulsively paid to Wilson, who, by first proceeding against it, had the prior right, and rightfully subjected it for a just debt, as we are bound to presume— nothing appearing to the contrary; and certainly the appellant does not appear to have done anything to justify a double payment of the same debt.

Wherefore, the judgment herein appealed from is reversed, and the cause remanded, with instructions to dismiss the appellee's amended petition against the appellant.